IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TIMOTHY REDLE WYATT                                                                          PLAINTIFF

v.                              CASE NO.         12-3055

CAROLYN W. COLVIN [1], Acting Commissioner
of Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

      Plaintiff filed his applications for SSI and DIB on April 21, 2009, alleging an onset date of February 1, 2008, based upon gout and rheumatoid arthritis. Plaintiff's applications were denied initially on May 7, 2009, and again upon reconsideration on February 11, 2010. Plaintiff then requested an administrative hearing on March 1, 2010, which was held on October 28, 2010. The Plaintiff was present and represented by counsel.

      At the time of the administrative hearing, Plaintiff was forty-two years of age and his educational history indicated that he had earned a GED. The Plaintiff had past relevant work ("PRW") experience as an installer.

      On December 20, 2010, the Administrative Law Judge ("ALJ") concluded that although severe, Plaintiff's gout, disorder of the back, disorder of the knee, arthritis, obesity, and anxiety, do not meet or equal any 20 C.F.R. Part 404, Subpart P, Appendix 1 listing. (Tr. 11). The ALJ found

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

that Plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he can only occasionally climb, balance, crawl, kneel, stoop, and crouch. (Tr. 13). Although the ALJ found the Plaintiff unable to perform his past relevant work, transferability is not an issue, as the Plaintiff's past work is unskilled. (Tr. 17). The ALJ then requested a vocational expert ("VE") to consider the Plaintiff's limitations, and after doing so, the VE determined that the jobs driver (DOT No. 919.663-022) and assembler (DOT Nos. 726.687-046 and 726.687-030) are available in the national economy and in Arkansas, and that the Plaintiff is capable of making a successful adjustment to other work in the national economy. (Tr. 18). These jobs are available with 140,000 nationally and 2,000 in Arkansas, and 57,000 nationally and 1,100 in Arkansas, respectively. (Tr. 18). The ALJ further found, based on all applicable factors, a finding of "not disabled" is appropriate, and determined the Plaintiff has not been under a disability from February 1, 2008, through the date of his decision. (Tr. 18).

## II. Applicable Law:

The court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical and/or mental disability that has lasted at least one year, and which prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).

The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits.[2] Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her functional capacity. *McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 CFR §§ 404.1520, 416.920 (2003).

### III. Discussion:

**Plaintiff's Arguments:**

(A) The Plaintiff contends that the ALJ erred in finding him not credible by not giving substantial reasons based upon relevant medical evidence, or established facts. (B) The Plaintiff argues that the ALJ failed to develop the record by not sending him to a consultive physical evaluation, and the lack of records is due to Plaintiff's inability to afford treatment. (C) The Plaintiff additionally argues that Dr. Smith's testimony should be given more weight. (D) Lastly, the Plaintiff argues that the ALJ's hypothetical was generalized and non-specific.

**A. Subjective Complaints:**

The Plaintiff contends that his complaints of pain in the hands and feet, gout, arthritis, and depression have rendered him unable to work. Plaintiff further states his arthritis pain was originally only a problem when his gout was flaring, but now claims it is a continual problem independent of gout. He further states he has constant and moderately severe pain in his left knee which tends to be aggravated by cool temperatures and bending, and that his right knee is a source of pain when his gout flares up. At the ALJ hearing, Plaintiff indicated only his left knee hurt every day and the pain is moderate. (Tr. 35). Plaintiff further stated that his right knee only hurts about once every three

---

[2] (1) Is the claimant engaged in substantial gainful activity; (2) Does the claimant have a severe impairment or combination of impairments limiting his ability to work; (3) Does the impairment meet a listed impairment which is presumed disabling; (4) Does the claimant have a sufficient RFC to perform past work despite impairment(s); (5) Is claimant able to perform other substantial gainful work within the economy, given claimant's age, education, and work experience? *See* 20 CFR § § 404.1520(a)- (f), 416.920 (2003).

(3) months. (Tr. 36).  Plaintiff further stated that the pain in his feet is severe in the mornings, but subsides after moving around for a while.  (Tr. 37).

The Plaintiff contends that he became totally disabled because of gout and arthritis pain. There is not any medical evidence on the record to document the severity of the gout or arthritis.  An ALJ may not, however, disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.  *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  The ALJ is required to consider the following factors in evaluating the credibility of a claimants subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions.  *Id.*  The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the Plaintiff's complaints.  *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004).  However, the ALJ need not explicitly discuss each *Polaski* factor.  *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). The ALJ only needs to acknowledge and consider those factors before discounting a claimant's subjective complaints.  *Id*.

*1. Daily Activities:*

The Plaintiff contends that he is disabled and unable to perform a variety of tasks due to the pain he regularly experiences.  It should be noted that the ALJ's review of the function report from May 4, 2009, shows that the Plaintiff cooks breakfast, straightens up the house, makes his bed, does laundry, pays bills, counts change, handles a savings account, and uses a checkbook. (Tr. 15).  The ALJ further noted the Plaintiff has only "mild restriction" in his daily activities, as he visits with his friends, and "drives himself on familiar roads, but he will want someone else with him if he goes farther than ten (10) miles because of his anxiety," demonstrating the Plaintiff has only "moderate difficulties" with social functioning.  (Tr. 12,13).  Such activities are inconsistent with disabling pain.  *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996) (ability to care for a child, occasionally drive a car, and sometimes go to the store); *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996) (ability to visit neighbors, cook, do laundry, and attend church); *Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995) (ability to carry out garbage, carry grocery bags, and drive).  Moreover, "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent

with subjective complaints of disabling pain." *Medhaug v. Astrue*, 578 F.3d 805 (8th Cir. 2009); *see Reed v. Barnhart*, 399 F.3d 917, 923-24 (8th Cir. 2005).

The court finds that the ALJ properly determined that the Plaintiff's daily activities are inconsistent with the claimed disability.

*2. Medication and Treatment:*

The Plaintiff contends his disability began February 1, 2008, but he did not seek any treatment for his alleged conditions until he first visited his primary care physician, Dr. Hagaman, on October 2, 2008. (Tr. 245). Plaintiff stated at this visit that he had not been to see the doctor in over a year. *Id*. His chief complaint at this visit was back pain, not his feet, hands, and/or knee pain, as listed in his disability application. *Id.* Although prescribed Allopurinol, Plaintiff has not been to the clinic and/or received this medication in over a year. According to the record, Plaintiff only filled his prescriptions three times over the course of four years, once on April 2, 2010, once on May 25, 2010, and once on September 11, 2010. (Tr. 242, 243). *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) (ALJ may consider claimant's failure to take prescription medication and seek ongoing treatment to be inconsistent with complaints). In general, failure to obtain follow-up treatment indicates a person's condition may not be disabling, or as serious as alleged. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995) ("given his alleged pain, Claimant's failure to seek medical treatment may be inconsistent with a finding of disability").

Additionally, the Plaintiff indicated that he has not been on any medication for pain other than one prescription pain reliever on April 2, 2010**.** (Tr. 242). A claimant's allegations of disabling pain may be discredited under the third *Polaski* factor by evidence that the claimant has received minimum medical treatment, and/or has taken medications for pain only on an occasional basis. *Cline v. Sullivan*, 939 F.2d 560, 568 (8th Cir. 1991) (citing *Williams v. Bowen*, 790 F.2d 713 (8th Cir. 1986)). There are no other records of the use of medications, which makes it difficult, if not impossible, to determine the effectiveness of treatment. It is further inconsistent with claims of disabling pain and conditions to avoid medications and/or accurate diagnoses. Not taking medications and/or not following prescribed courses of treatment can be grounds for denial. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). Moreover, Plaintiff's most recent records show that he was treated successfully with Allopurinol, and that on June 20, 2010, the Plaintiff's gout was

exacerbated because he was out of medication. (Tr. 15). *See Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (Claimant's failure to follow prescribed course of treatment weighs against his credibility on his subjective complaints).

The ALJ also noted that when the Plaintiff appeared for his consultative examination with Dr. Bunting on February 3, 2010, he was not taking his medications, and had been drinking up to eight beers on the weekends, had been doing arts and crafts, and had contact with family and friends. (Tr. 276, 277). According to the Plaintiff's own statements during this evaluation, his continued and current alcohol use is after participating in a court-ordered substance abuse program due to receiving two DWI's prior to 1991, and for the use of alcohol, marijuana, methamphetamine, and "you name it." (Tr. 276). The ALJ determined that Plaintiff's further use of alcohol indicates he is not as disabled as alleged. (Tr. 16).

The court finds that the ALJ properly considered Plaintiff's lack of treatment, lack of medication, and continued use of alcohol to further discredit his claim for disability.

*3. Unemployment Benefits:*

The Plaintiff argues that receipt of unemployment benefits is not automatically fatal to a claim, unless there is other evidence to lessen the claimant's credibility. *Cox v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998) (citing *Salts v. Sullivan*, 958 F.2d 840, 846 (8th Cir. 1992)). However, there is evidence on the record that tends to lessen the claimant's credibility as discussed above, and as such, this is an additional factor to consider in determining if the ALJ's decision is supported by substantial evidence.

The court finds that the ALJ did not use this factor alone to make his decision to deny the Plaintiff's SSI and DIB claims.

*4. Financial Concerns:*

The Plaintiff claims that he has not received treatment and/or laboratory procedures due to financial difficulties; however, a Plaintiff is required to provide evidence that he/she has been denied medical treatment due to financial constraints, or that he/she attempted to obtain low cost or no cost treatment for this argument to succeed. *Clark v. Shalala*, 28 F.3d 828, 831 n.4 (8th Cir. 1994); *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992).

Plaintiff stated at his hearing that he had begun receiving treatment at the Mountain Home Christian Clinic, which is a free clinic; however, he only went once on November 18, 2010, directly after the October 28, 2010, hearing. (Tr. 34). He was notified of his lab results on November 28, 2010, told to increase his medication, and was asked to return December 16, 2010, for a follow-up and additional labs. (Tr. 308). The absence of further pharmacy reports and/or further medical records indicates that the Plaintiff failed to attend this appointment, and/or take the medications as prescribed.

It is further difficult to consider the Plaintiff's alleged financial hardships when pharmacy records indicate the medication Allopurinol costs just over eight dollars ($8.00) per month, yet the Plaintiff chooses to purchase and consume at least eight alcoholic beverages each weekend. (Tr. 243, 277). *See Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (No evidence Plaintiff sought treatment for indigents, or chose to forgo smoking three packs of cigarettes per day to help finance pain medication.). Plaintiff goes on to claim that drinking alcohol once per week relieves his symptoms of pain. (Tr. 215).

For the above reasons, the ALJ properly determined the Plaintiff did not have adequate financial hardships to prevent him from seeking treatment, medication, or laboratory procedures**.**

**B. RFC Assessment:**

The Plaintiff contends that he does not have the sufficient RFC to perform substantial gainful activity in the economy. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). RFC is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545, 416.945, Social Security Ruling (SSR) 96-8p (1996). RFC is assessed using all relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported

by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)); *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) (per curiam) ("To the extent [Claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. *Id.* at 620; 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

The ALJ determined that the Plaintiff had the RFC to perform a range of sedentary work with additional limitations that reasonably accommodate Plaintiff's gout, back pain, and mental limitations. (Tr. 18).

The Plaintiff had minimal, at best, medical history on which the ALJ could base a decision. Dr. Williams performed a consultative examination on February 9, 2010, and noted that Plaintiff could work, provided the work is performed by rote with incidental interactions. (Tr. 285). Another evaluator, Dr. Gibbs, stated that Plaintiff does household chores, cooks, and drives when he has no swelling from gout, and was cautioned to lose weight and exercise to reduce back pain. (Tr. 246-247). Dr. Hiser upon examination, discussed that Plaintiff is able to perform leg raises to 90 degrees without discomfort. (Tr. 245). There was no other evidence of ongoing evaluation or treatment, and no evidence to support the limitations claimed. Plaintiff further admits that of all devices he uses, a cane, walker, crutches, and glasses, the only one prescribed and/or recommended by a doctor was his glasses. (Tr. 168).

By his own admission, Plaintiff stated in his September 1, 2010 Client Questionnaire, that he can lift up to 70 pounds whether seldom or routinely in a work environment. (Tr. 227). Plaintiff further states that in a regular work setting he would be able to alternate between standing and sitting for approximately four to seven hours per day. (Tr. 226, 227).

When the Plaintiff appealed the ALJ's decision to the Social Security Administration for reconsideration, he indicated there were no changes in his condition, he had seen no new doctors for mental or physical concerns, had been to no new clinics, and had no new injuries, illnesses, or

impairments. The Plaintiff further presented no further evidence to document his claimed conditions, and provided no new medical records, lab reports, or medical diagnoses. (Tr. 186-191).

For the reasons stated above, the court finds that the ALJ properly determined the Plaintiff's RFC allows him to perform sedentary work, even with his additional limitations of gout, arthritis, and anxiety.

**C. Dr. Smith's Opinion:**

The Plaintiff argues that the ALJ should have given more weight to the opinion of Dr. Smith. Dr. Smith examined the Plaintiff on September 17, 2009. (Tr. 249). Dr. Smith diagnosed the Plaintiff with cognitive dysfunction, non-psychotic, secondary to general medical conditions. (Tr. 253). Dr. Smith also stated that the Plaintiff displayed abnormal responses, and in his opinion, was disabled at this time. (Tr. 252). Dr. Smith also indicated that the Plaintiff had a number of head injuries resulting in trauma, but this was based only on the Plaintiff's statements and not confirmed by medical records. (Tr. 16). It must be noted that the Plaintiff underwent the examination that formed the basis of Dr. Smith's opinion, not in an attempt to seek treatment, but rather through attorney referral, indicating an effort to generate evidence for the current application. (Tr. 29). *See Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

The ALJ discounted the opinion of Dr. Smith based on Dr. Bunting's opinion that while anxiety was an issue, it was neither claimed nor evaluated previously. (Tr. 16). *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979) (although the ALJ has the duty of developing the facts and record fully and fairly, medical testimony must corroborate claimant's claimed conditions); *Kirby v. Astrue*, 500 F.3d 705, 708-709 (8th Cir. 2007) (Plaintiff had never before sought treatment for mental impairments). Dr. Bunting also noted that the Plaintiff's impairments are not as limiting as alleged, and her testing revealed that the Plaintiff is able to perform a variety of cognitive tasks. (Tr. 278). Dr. Bunting further indicated that the Plaintiff was able to perform self-care skills, could communicate and interact in a socially adequate manner, could communicate intelligibly and effectively, and "has the ability to cope with the typical mental/cognitive demands of basic work-like tasks." (Tr. 279). The ALJ determined Dr Smith's opinion is not well supported by test results or by the evidence as a whole, as the Plaintiff's medical records and/or medical history do not mention any head injuries, or symptoms related to such head injuries. (Tr. 16). *See Id.* at 709. (The ALJ is

not required to give special weight to any consulting physician, and may give "little weight" to an opinion when a contrary view is supported by better medical evidence).

After thoroughly reviewing the record, the court finds that the ALJ had ample reasons to discount the opinion of Dr. Smith.

**D. Other Substantial and Gainful Work:**

Plaintiff contends he is disabled because he has not been gainfully employed since his claimed onset on February 1, 2008. While his unemployment may be true, it does not mean that he cannot be employed. (Tr. 11). At this step the ALJ is permitted to use a VE. The VE must be presented with a hypothetical question by the ALJ, including the Plaintiff's age, education, work experience, and all of the limitations he believes Plaintiff suffers as a result of his or her impairment(s). *Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008). The VE's testimony is generally taken as substantial evidence, unless the Plaintiff can show that the VE deviated from the job as described in the Dictionary of Occupational Titles, and the VE made no mention of his or her deviation. *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003).

After taking into account the Plaintiff's RFC, the VE found work in Arkansas and in the national economy within the Plaintiff's limitations, as listed in Section I of this opinion. (Tr. 18). Again, these jobs are available with 140,000 nationally and 2,000 in Arkansas for a driver, and 57,000 nationally and 1,100 in Arkansas for an assembler. (Tr. 18).

The court finds that the ALJ properly determined that although the Plaintiff could not return to his past relevant work, there are adequate jobs in Arkansas and the national economy within the Plaintiff's limitations.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and the decision is affirmed. The Plaintiff's complaint is dismissed with prejudice.

Dated this 11th day of June 2013.

/S/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE